UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-2175 PA (JCx) | Date | December 5, 2022 |
|---|---|---|---|
| Title | Cesar Augusto Molina, et al. v. Planet Home Lending, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS

     Pursuant to Local Rule 16 and this Court's Civil Trial Scheduling Order, the parties were required to file certain pretrial documents with the Court by December 2, 2022, including, but not limited to, the Proposed Joint Pretrial Conference Order, Joint Exhibit and Witness Lists, Contentions of Fact and Law, Jury Instructions, a Verdict Form, and a Status Report Regarding Settlement.  This Court's Civil Trial Scheduling Order specifically warns that "[t]he failure to attend the pretrial conference or to submit in conformity with this order, the jury instructions, pre-trial exhibit stipulation, joint statement of the case, voir dire questions, summary of witness testimony and times estimates, proposed Pretrial Conference Order or the memorandum of contentions of fact and law may result in the dismissal of the action, striking the answer and entering default, and/or the imposition of sanctions." (Docket No. 26.)  To date, no pretrial documents have been filed in this action despite the expiration of the deadline to do so.

     Dismissal is appropriate here because the parties have failed to adequately prosecute this action or comply with the Court's orders.  Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b).  See Link v. Wabash R.R., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pac. Mar. Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970).  The permissive language of Rule 41—that defendant "may" move for dismissal—does not limit the Court's ability to dismiss an action sua sponte where the defendant does not move for dismissal.  Link, 370 U.S. at 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734.  The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order.  See id. at 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v. Cal. Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court order).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-2175 PA (JCx) | Date | December 5, 2022 |
|---|---|---|---|
| Title | Cesar Augusto Molina, et al. v. Planet Home Lending, LLC, et al. | | |

      In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Id. (citations omitted).

      Here, in assessing the first and second Henderson factors, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Moreover, the Court's need to manage its docket will be served by dismissal. See id.

      The third Henderson factor at least marginally favors dismissal. "Unreasonable delay is the foundation upon which a court may presume prejudice." Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000). Risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. See id. at 642 (citing Yourish, 191 F.3d at 991). This action involved many separate parties, any one of whom may be prejudiced unless the action is dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

      In considering the fourth and fifth Henderson factors, this Court's Civil Trial Scheduling Order, as noted above, warned the parties that the failure to submit the required pretrial documents could result in the dismissal of the action. Despite this warning, the parties failed to submit any pretrial documents by the date set by the Court. The public policy favoring the disposition of cases on their merits, ordinarily weighs against dismissal. See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011). However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Here, plaintiff has failed to discharge its responsibility to prosecute this action despite the Court's express warnings. Additionally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-2175 PA (JCx) | Date | December 5, 2022 |
|---|---|---|---|
| Title | Cesar Augusto Molina, et al. v. Planet Home Lending, LLC, et al. | | |

  As a result of the parties' violation of the Court's Civil Trial Scheduling Order and failure to prosecute, this action is dismissed without prejudice.  See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.  The Pretrial Conference scheduled for December 16, 2022, and the Trial scheduled for January 17, 2023, are vacated.

  IT IS SO ORDERED.